IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY A. PATE,

    Petitioner,                      No. 2: 10-cv-1448 KJM KJN P

    vs.

WARDEN MARTELL,

    Respondent.                  ORDER

_____/

        Petitioner is a state prisoner proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action is proceeding on the original petition filed June 11, 2010, which raises one claim: ineffective assistance of appellate counsel. In the answer filed March 24, 2011, respondent argues that this claim is not exhausted but should nevertheless be denied on the merits. See 28 U.S.C. § 2254(a)(2) (a habeas petition may be denied on the merits, notwithstanding the failure of the applicant to exhaust available remedies).

        In the reply to the answer filed June 14, 2011, petitioner requests that this action be stayed so that he may return to state court and exhaust his unexhausted claim.[1] The court does

---

[1] After reviewing the record, the undersigned finds that petitioner has not exhausted his ineffective assistance of appellate counsel claim as this claim has not been presented to the California Supreme Court. However, petitioner has exhausted other claims. See Petition for

1

not have the authority to stay a petition containing only unexhausted claims. See <u>Rhines v. Weber</u>, 544 U.S. 268, 277 (2005) (district courts have limited discretion to hold in abeyance a *mixed* habeas petition, that is, one containing both exhausted and unexhausted claims); <u>King v. Ryan</u>, 564 F.3d 1133 (9th Cir. 2009) (three step procedure for staying an action where some claims are exhausted). For this reason, petitioner's request to stay this action is denied.

Because this action cannot be stayed, petitioner has two options. He may either proceed with the instant action with his unexhausted claim or he may voluntarily dismiss this action and return to state court and exhaust this claim. If petitioner dismisses this action and returns to state court, he should be mindful of the statute of limitations which may bar any future habeas petition filed in federal court. See 28 U.S.C. § 2244(d)(1) (one year statute of limitations applies to habeas corpus petitions filed pursuant to 28 U.S.C. § 2254).

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request to stay this action contained in his reply to respondent's answer is denied;

2. Within twenty-one days of the date of this order, petitioner shall file either a motion to voluntarily dismiss the instant action or a notice stating that he wishes to proceed with the instant action.

DATED: July 13, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

pate1448.sta

---

Review filed in California Supreme Court (Respondent's March 24, 2011 Lodged Document No. 5); Petition for Habeas Corpus filed in California Supreme Court (Respondent's March 24, 2011 Lodged Document No. 11). None of the exhausted claims are raised in the instant action.