1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JEFFREY A. PATE,

11          Petitioner,              No. 2: 10-cv-1448 KJM KJN P

12      vs.

13   WARDEN MARTELL,

14          Respondent.              ORDER

15   _____/

16         Petitioner is state prisoner, proceeding without counsel, with a habeas corpus

17   petition pursuant to 28 U.S.C. § 2254.  This action is proceeding on the original petition filed

18   June 11, 2010, which raises one claim: ineffective assistance of appellate counsel.  In the answer

19   filed March 24, 2011, respondent argues that this claim is not exhausted but should nevertheless

20   be denied on the merits.  See 28 U.S.C. § 2254(a)(2) (a habeas petition may be denied on the

21   merits, notwithstanding the failure of the applicant to exhaust state court remedies.)

22         In the reply to the answer filed June 14, 2011, petitioner requested that this action

23   be stayed so that he could return to state court and exhaust his unexhausted claims.  On July 14,

24   2011, the undersigned issued an order informing petitioner that the court did not have the

25   authority to stay a petition containing only unexhausted claims.  See Rhines v. Weber, 544 U.S.

26   268, 277 (2005).  In this order, the undersigned found that after reviewing the record, petitioner's

1

1  ineffective assistance of appellate counsel claim was not exhausted.  The undersigned also noted

2  that petitioner had other exhausted claims.

3  Because the petition contained only an unexhausted claim, the undersigned

4  advised petitioner that he had two options.  Petitioner could either proceed with the instant action

5  and his unexhausted claim, or he could voluntarily dismiss this action.[1]  The July 14, 2011 order

6  advised petitioner that if he dismissed this action and returned to state court, he should be

7  mindful of the statute of limitations which may bar any future habeas petition filed in federal

8  court.  See 28 U.S.C. § 2244(d)(1) (one year statute of limitations applies to habeas corpus

9  petitions filed pursuant to 28 U.S.C. § 2254.)

10  On August 5, 2011, petitioner filed a pleading stating that he wished to voluntarily

11  dismiss this action so that he may return to state court and exhaust other claims.  Accordingly, IT

12  IS HEREBY ORDERED that this action is dismissed without prejudice.  Fed. R. Civ. P. 41(a);

13  see also Rule 11, Rules Governing Habeas Corpus Cases Under Section 2254.

14  DATED:  August 11, 2011

16  _____
   KENDALL J. NEWMAN

17  UNITED STATES MAGISTRATE JUDGE

18  pate1448.vol

---

24  [1]  Because petitioner had other exhausted claims, he could have filed an amended petition

25  containing his exhausted claims and requested a stay of this action pending exhaustion of additional claims.  Because petitioner did not include these exhausted claims in the original petition or seek to file an amended petition containing these exhausted claims, the undersigned presumes that petitioner

26  did not intend to pursue these exhausted claims in a federal habeas corpus petition.